NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JEREMIAH GRANT PEACEY, *Appellant*.

No. 1 CA-CR 20-0090
FILED 2-9-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201801912
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Jeremiah Grant Peacey advised the court that he has found no arguable question of law after searching the entire record, and asks this court to conduct an *Anders* review. Peacey was given the opportunity to file a supplemental brief but did not do so. This court has reviewed the record and has found no reversible error. Accordingly, Peacey's conviction and resulting sentence are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        A jury found Peacey guilty of theft, a Class 2 felony, for finding a suitcase containing $168,000 in cash and keeping the money for himself instead of attempting to return it to its rightful owner.[1]

¶3        At a January 2020 sentencing, the court considered as mitigating factors Peacey's age, his lack of prior felony convictions, his mental health, his history of substance abuse and the nature of the offense. It found that those mitigating factors outweighed the aggravating factors — harm to the victim and the value of the stolen property — and sentenced Peacey to a less than presumptive four-year prison term, awarding him 501 days' presentence incarceration credit. The court calculated the victim's total loss at $168,375, credited Peacey for returning $88,340 and ordered restitution for the remaining $80,035. This court has jurisdiction over Peacey's timely appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

---

[1] Although Peacey was also charged with trafficking in stolen property in the first degree, a Class 2 felony, the parties stipulated to the dismissal of that charge with prejudice.

**DISCUSSION**

**¶4** The record shows that Peacey was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the verdict. The prison sentence imposed was within statutory limits. The award of presentence incarceration credit was accurate, as was the order of restitution. And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

**CONCLUSION**

**¶5** This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Peacey's conviction and resulting sentence are affirmed.

**¶6** Upon the filing of this decision, counsel is directed to inform Peacey of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Peacey shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA